IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JACK MOOTZ,<br><br>Defendant, | CASE NO. 1:18-MC-00037-BAM<br><br>**ORDER REGARDING APPLICATION TO TERMINATE WRIT OF GARNISHMENT (RETIREMENT ACCOUNT)**<br><br>(Doc. No. 19.) |
| CALIFORNIA STATE TEACHERS' RETIREMENT SYSTEM<br>(and its Successors and Assignees),<br><br>Garnishee. | |

On July 25, 2018, the United States filed an application for writ of garnishment pursuant to the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001, *et seq.*, against the monthly retirement payments that the California State Teachers' Retirement System ("CalSTRS") pays to defendant Jack Mootz. (Doc. No. 1.) The purpose of the writ was to enforce a special assessment and restitution imposed against Mr. Mootz in Case No. 1:17-cr-00053-DAD in the total amount of $2,531.44. (*Id.*) On February 21, 2019, the Court issued a Final Order of Garnishment (Retirement Account) garnishing Mr. Mootz' retirement account with CalSTRS in accordance with 28 U.S.C. § 3205(c)(7). (Doc. No. 17.) The Court's order provided that the writ of garnishment against Mr. Mootz's CalSTRS benefits is continuing in nature and would remain in place until further order of the Court. (*Id.*)

1

Currently before the Court is the United States' application for an order terminating the garnishment. (Doc. No. 19.) As set forth in the application, the United States has recovered the full amount of the special assessment and restitution imposed against Mr. Mootz in Case No. 1:17-cr-00053-DAD by means of the Final Order of Garnishment (Retirement Account). (*Id.*) Accordingly, the United States requests that the Court terminate the garnishment pending in this case pursuant to 28 U.S.C. § 3205(c)(10)(C). (*Id.*)

The Federal Debt Collection Procedures Act permits the Court to issue a writ of garnishment in which a debtor has a substantial nonexempt interest and which is in the possession, custody, or control of a third party in order to satisfy a judgment against the debtor. 28 U.S.C. § 3205(a). Pursuant to 28 U.S.C. § 3205(c)(10),

> A garnishment under this chapter is terminated only by--
>
> (A) a court order quashing the writ of garnishment;
>
> (B) exhaustion of property in the possesion,[1] custody, or control of the garnishee in which the debtor has a substantial nonexempt interest (including nonexempt disposable earnings), unless the garnishee reinstates or reemploys the judgment debtor within 90 days after the judgment debtor's dismissal or resignation; or
>
> (C) satisfaction of the debt with respect to which the writ is issued.

28 U.S.C. § 3205(c)(10). The writ of garnishment against Mr. Mootz's CalSTRS benefits has therefore terminated pursuant to the terms of the Federal Debt Collection Procedures Act because the debt at issue has been satisfied.

Accordingly, the writ of garnishment issued against defendant Jack Mootz by the Final Order of Garnishment (Retirement Account) dated February 21, 2019 (Doc. No. 17), is hereby TERMINATED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 27, 2019**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE